UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STACY J., ) | |
| ) | |
| Plaintiff, ) | No. 19 C 2005 |
| ) | |
| v. ) | Magistrate Judge M. David Weisman |
| ) | |
| ANDREW SAUL, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Stacy J. brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration ("SSA's") decision denying her application for benefits. For the reasons set forth below, the Court reverses the SSA's decision.

**Background**

Plaintiff filed an application for disability benefits on December 20, 2013, alleging a disability onset date of May 15, 2008. (R. 299-300.) Plaintiff's application was denied initially and on reconsideration. (R. 320, 358.) An Administrative Law Judge ("ALJ") held a hearing on plaintiff's application on October 20, 2016 and February 9, 2017. (*See* R. 208-98.) On March 29, 2017, the ALJ issued a decision finding that plaintiff was disabled from July 1, 2012 through October 1, 2014 but not at any time before or after that period. (*See* R. 364-84.) Upon review, the Appeals Council remanded the case to the ALJ for further proceedings. (R. 395-97.)

On March 8, 2018, the ALJ held another hearing. (R. 156-207.) On May 24, 2018, the ALJ issued a decision finding that was disabled from June 26, 2012 through October 1, 2014 but

not at any time before or after that period. (*See* R. 29-62.) The Appeals Council denied review (R. 1-4), leaving the ALJ's decision as the final decision of the SSA, reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

## Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) (citation omitted).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a). The SSA must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. *Zurawski*, 245 F.3d at 886. If that

burden is met, at step five, the burden shifts to the SSA to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. (R. 33.) At step two, the ALJ determined that plaintiff has the severe impairments of degenerative disc disease of the lumbar spine, chronic obstructive pulmonary disease, immune deficiency disorder, depressive disorder, and anxiety-related disorder. (*Id.*) At step three, the ALJ found that plaintiff had a listing-level spinal disorder from June 26, 2012 through October 1, 2014, but did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments before or after that period. (R. 39-55.) At step four, the ALJ found that plaintiff has not been able to perform any past relevant work since her alleged onset date, but before June 26, 2012 and after October 1, 2014, she had and has the RFC to perform sedentary work with certain exceptions. (R. 41, 51, 56-57.) At step five, the ALJ found that before June 26, 2012 and after October 1, 2014, jobs existed in significant numbers in the national economy that plaintiff could perform and thus she was not disabled before June 26, 2012 and has not been disabled since October 1, 2104. (R. 51, 60-61.)

Plaintiff contends that the ALJ's conclusion that plaintiff's disability started on June 26, 2012 is not supported by the record. SSA regulations provide that the onset date for a disability "of traumatic origin" is the day of the injury. SSR 83-20, 1983 WL 31249, at *2 (Jan. 1, 1983). For an impairment that develops over time, determining the onset date "involves consideration of the applicant's allegations, work history, if any, and the medical and other evidence concerning impairment severity." *Id.*

Plaintiff alleges in her application that her disability began on May 15, 2008. (R. 300.)

In her brief, she argues that her disability began after "she fell down the stairs in October of 2010" (Pl.'s Br., ECF 14 at 9), and the evidence shows that she complained of back pain at a December 2010 oncology appointment. (R. 1019.) Though she apparently did not raise the issue again until January 16, 2012, from that date until the June 26, 2012 MRI, which showed a disc herniation that required surgery, she consistently complained of back pain. (*See* R. 788, 955, 1687, 1691, 2496-98, 2619.) The ALJ does not explain why he disregarded this evidence in determining that the onset date of plaintiff's disability was the date of the 2012 MRI. His failure to address this evidence was error. *See Zurawski*, 245 F.3d at 888 ("'[A]n ALJ may not ignore an entire line of evidence that is contrary to her findings'") (quoting *Henderson v. Apfel*, 179 F.3d 507, 514 (7th Cir. 1999)); *Lichter v. Bowen*, 814 F.2d 430, 435 (7th Cir. 1987) ("'[T]he critical date is the date of *onset* of disability, *not* the date of diagnosis.'") (quoting *Swanson v. Sec'y of Health & Human Servs.*, 763 F.2d 1061, 1065 (9th Cir. 1985) (emphasis in original).)

The ALJ's conclusion that plaintiff's colon cancer was not a severe impairment, because it did not meet the twelve-month durational requirement, is also not supported by the record. The ALJ acknowledged that "[d]aily fatigue, persistent nausea and dizziness could have been a prelude to the discovery of colon cancer," but said "one would have to speculate to what degree these symptoms were present before the [DLI, *i.e.*, March 31, 2010]." (R. 35.) Missing from this discussion is any mention of the pre-DLI medical records that document plaintiff's complaints of persistent fatigue, headaches, acid reflux, and nausea. (*See, e.g.*, R. 981, 2596, 2599, 2602-06, 2610-13.) That was error. *Zurawski*, 245 F.3d at 888.

4

## Conclusion

For the reasons set forth above, the Court grants plaintiff's motion for summary judgment [13], denies SSA's motion for summary judgment [21], reverses the SSA's decision, and pursuant to the fourth sentence of 42 U.S.C. § 405(g), remands this case for further proceedings consistent with this Memorandum Opinion and Order.[1]

SO ORDERED. ENTERED: January 17, 2020

**M. David Weisman**
**United States Magistrate Judge**

---

[1] Because plaintiff's challenges to the ALJ's assessment of the medical opinion evidence and RFC are bound up with these issues, they will have to be addressed on remand as well.